UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., TUESDAY WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON and JANSSEN BIOTECH, INC.,<br><br>Defendants. | No. 2:16-cv-00057-KJM-AC<br><br><br>ORDER |

On May 14, 2018, the United States gave notice that it declines to intervene in this *qui tam* action. ECF No. 29. The United States requests the court unseal the relator's complaint and amendments and the United States' notice declining to intervene and its accompanying proposed order, but requests that other previously filed documents remain under seal. *Id.* at 2. These documents include, for example, the United States' request for extensions of time to decide whether to intervene, including declarations and other materials submitted in support of those requests.

The FCA provides that a qui tam action must be filed under seal while the United States decides whether to intervene, *see* 31 U.S.C. § 3730(b)(2), but it contemplates that after the United States makes a decision, the seal on the complaint will be lifted, *see id.* § 3730(b)(3); *U.S.*

1

*ex rel. Lee v. Horizon W., Inc.*, No. 00-2921, 2006 WL 305966, at *2 (N.D. Cal. Feb. 8, 2006). Generally, the seal will be lifted entirely "*unless* the government shows that such disclosure would: (1) reveal confidential investigative methods or techniques; (2) jeopardize an ongoing investigation; or (3) harm non-parties." *Horizon W., Inc.*, 2006 WL 305966, at *2 (emphasis in original). "[I]f the documents simply describe routine or general investigative procedures, without implicating specific people or providing substantive details, then the Government may not resist disclosure." *Id.* (citing *United States v. CACI Int'l. Inc.*, 885 F. Supp. 80, 83 (S.D.N.Y. 1995)). "Congress did not intend that the government should be allowed to prolong the period in which the file is sealed indefinitely." *United States ex rel. Costa v. Baker & Taylor, Inc.*, 955 F. Supp. 1188, 1190 (N.D. Cal. 1997); *U.S. ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) (noting the FCA "evinces no specific intent to permit or deny disclosure of *in camera* material as a case proceeds"). Rather, the FCA "invests the court with authority to preserve secrecy of such items or make them available to the parties." *Id.* Ultimately, the court's decision must account for the fundamental principle that court records are generally open to the public. *See Baker & Taylor, Inc.*, 955 F. Supp. at 1191.

Here, the United States requests the court maintain the seal "because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended." ECF No. 29 at 2. The United States' explanation does not assure the court that a seal is necessary to maintain the confidentiality of investigative methods or techniques, to protect ongoing investigations, to protect others who are not a part of this litigation, or for another reason. The court therefore orders as follows:

(1) All pleadings filed and orders issued in this action will be served on the United States. The United States will be notified of any proposal that this action be dismissed, settled or otherwise discontinued and will be provided an opportunity to be heard before the court rules on any such proposal. The United States retains the right to intervene, for good cause, at a later date;

(2) The complaint, ECF No. 1, first amended complaint, ECF No. 22, the United States' notice of election to decline intervention, ECF No. 29, and this order are UNSEALED;

(3) All other previous filings remain under TEMPORARY SEAL pending further order of this court; and

(4) Within fourteen days, any party may SHOW CAUSE why the previous filings in this action should remain under seal.

IT IS SO ORDERED.

DATED: May 22, 2018.

_____
UNITED STATES DISTRICT JUDGE